**TEXAS DEPARTMENT OF TRANSPORTATION,**
Appellant,

v.

Mathew ESTERS, Appellee.

No. 14–10–00152–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 3, 2011.

Randall K. Hill, Austin, for appellant.

Debra Vera Jennings, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and BROWN.

### MAJORITY OPINION [1]

KEM THOMPSON FROST, Justice.

A former employee of a state agency filed suit against the agency asserting vari-

---

[1] We issue this opinion to correct an error in the heading of the Majority Opinion filed April 28, 2011.

ous claims, including retaliation claims under Title VII,[2] section 21.055 of the Texas Labor Code,[3] and sections 1981 and 1983 of Title 42 of the United States Code.[4] The trial court denied the agency's request that these retaliation claims be dismissed for lack of subject-matter jurisdiction based on the employee's alleged failure to exhaust administrative remedies. On interlocutory appeal, we conclude that the trial court has jurisdiction over the employee's retaliation claims under section 21.055 and Title VII to the extent they are based on alleged retaliation against him for filing a charge of discrimination in March 2006. We conclude that the trial court lacks jurisdiction over (1) the employee's section 21.055 claims and Title VII claims to the extent they are based on alleged retaliation against the employee for reasons other than the filing of this charge, and (2) the employee's remaining claims against the state agency under sections 1981 and 1983 of Title 42 of the United States Code. Accordingly, we reverse in part, affirm in part, and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Mathew Esters was a longtime employee of appellant/defendant Texas Department of Transportation (hereinafter, the "Department"). On March 3, 2006, Esters filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division (hereinafter, the "Commission") and with the Equal Employment Opportunity Commission (hereinafter, the "EEOC"). In this charge, Esters, an African American, alleged racial discrimination and asserted the following:

- From the time Esters's supervisor, Stanley Yin, began his employment with the Department on or about 1993, Esters has been denied promotions given to less-qualified employees who were not African American.
- Since approximately 1993, Esters has been subject to racial harassment from Yin in the form of inappropriate comments.
- When Esters was denied promotions, Yin would tell him that he was not promoted because he "didn't measure up." Yin also told Esters that he would not be promoted as long as Esters was working at the Department.
- Esters believes he was discriminated against because of his race in violation of Title VII.

Four weeks after filing this charge, Esters left the Department's employment by taking early retirement. The EEOC processed Esters's charge of discrimination for itself as to the Title VII claims and for the Commission as to any claims under Chapter 21 of the Texas Labor Code. The EEOC conducted an investigation. On April 28, 2006, the EEOC closed its file on this charge because, based on its investigation, it was unable to conclude that the information obtained established violations of the statutes. The EEOC gave Esters a notice of his right to sue the Department within ninety days of Esters's receipt of the notice. On May 12, 2006, the Commission gave Esters notice of his right to sue the Department in state court within sixty days of his receipt of the notice.

The following month, on June 6, 2006, Esters filed a charge of discrimination with the EEOC (the "Second Filing"). Esters did not characterize the Second Fling as a new charge of discrimination;

---

2. 42 U.S.C. § 2000e *et seq.*

3. *See* TEX. LAB.CODE ANN. § 21.055 (West 2006).

4. 42 U.S.C. §§ 1981, 1983.

instead, Esters filed this charge under the same charge number as the March 3, 2006 charge and stated that the filing was an amendment of the prior charge. In the Second Filing, Esters alleged both racial discrimination and retaliation. In this filing, Esters stated that he was amending his prior charge to include the following allegations:

- From 1993 until Esters's constructive discharge in 2006, Esters was denied promotions, paid less, and subjected to racial innuendos by his superior.
- Esters was subjected to a racially hostile work environment. Yin, his supervisor wanted him to celebrate Confederate Heroes Day instead of the Martin Luther King holiday.
- Yin told him he was not promoted because he "didn't measure up" and "was a Black token." Yin also told him that as long as Yin worked at the Department Esters would never be promoted. Esters was threatened with termination if he did not attend a certain class.
- After Esters complained about the discrimination to management from 1993 through 2006, Yin retaliated against him by (1) requiring him to work on hazardous materials without proper training, (2) assigning him to low-level jobs, (3) denying him pay raises commensurate with a twenty-six-year employee, (4) circumventing orders given by the Director of Engineers, and (5) threatening to terminate Esters if he did not attend a "hot mix class."

The record does not reflect that the EEOC or the Commission ever took any action on the Second Filing. Esters filed suit against the Department on July 11, 2006. In his second amended petition, Esters asserted claims under the following statutes based on alleged racial discrimination, constructive discharge, and retaliation: Title VII (42 U.S.C. § 2000e *et seq.*); Chapter 21 of the Texas Labor Code; Title 42, section 1981 of the United States Code; and Title 42, section 1983 of the United States Code.

In an initial plea to the jurisdiction, the Department asserted that the trial court lacked jurisdiction over Esters's claims under sections 1981 and 1983 of Title 42 of the United States Code (hereinafter collectively "1981 and 1983 Claims") based on the Department's immunity under the Eleventh Amendment to the United States Constitution. At a pretrial conference on October 16, 2009, the trial court granted Esters leave to file a third amended petition adding Yin as a defendant in his official capacity. After hearing argument, the trial court then sustained in part the Department's first plea to the jurisdiction, dismissing Esters's 1981 and 1983 Claims against the Department except to the extent that Esters seeks prospective, equitable relief under these claims.

The Department then asserted a plea to the jurisdiction, arguing that there is no statutory waiver of governmental immunity as to Esters's retaliation claims because Esters failed to exhaust administrative remedies regarding these claims. The trial court denied this second plea to the jurisdiction, and the Department has appealed under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (West 2008).

## II. ANALYSIS

### A. What was the effect of the Second Filing?

■ The substance of the Second Filing was not a second charge of discrimination but an attempt to amend the March 3, 2006 charge (hereinafter, "Original Charge"). This attempt to amend the

Original Charge occurred more than a month after the EEOC had completed its investigation of the Original Charge, sent Esters a right-to-sue notice regarding that charge, and closed its file on the Original Charge. Presuming for the sake of argument that the EEOC had the discretion to treat the Second Filing as a new and independent charge, there is no evidence that it has done so, and counsel for the Department and Esters both agreed during oral argument in the trial court that there has been no administrative response to the Second Filing. On this record, Esters's attempt via the Second Filing to amend the Original Charge, which was no longer pending before the EEOC, was ineffective as a matter of law. *See Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir.1994); *Mack v. The Housing Auth. for the City of Athens, Ga.*, 2010 WL 797211, at *3 (M.D.Ga. Mar. 3, 2010); *Hazeur v. Federal Warranty Serv. Corp.*, 2000 WL 365013, at *2 (E.D.La. Apr. 7, 2000); *Danley v. Book-of-the-Month Club, Inc.*, 921 F.Supp. 1352, 1353–54 (M.D.Pa.1996), *aff'd*, 107 F.3d 861 (3rd Cir.1997). Therefore, the only charge by which Esters could have exhausted administrative remedies is the Original Charge, which contains no allegations of any retaliation against Esters.

**B. Did Esters exhaust remedies as to his retaliation claims under section 21.055 and Title VII?**

 Having concluded that the Original Charge is the only valid administrative filing by which Esters could have exhausted administrative remedies, we now must decide whether the Original Charge was sufficient to exhaust remedies as to Esters's retaliation claims under section 21.055 of the Texas Labor Code (hereinafter, "State Retaliation Claims") and under Title VII (hereinafter, "Title VII Retaliation Claims"). In his live petition, Esters asserts State Retaliation Claims and Title VII Retaliation Claims based on the Department's alleged retaliation against Esters, in various ways, for opposing racial discrimination through Esters's alleged complaints to management and internal complaints (hereinafter collectively, "Complaint Retaliation Claims"). Esters also asserts State Retaliation Claims and Title VII Retaliation Claims based on the Department's alleged retaliation against Esters, in various ways, for filing the Original Charge (hereinafter collectively, "Charge Retaliation Claims").

 Texas law applies to the State Retaliation Claims and federal law applies to the Title VII Retaliation Claims. *See Torres v. Johnson*, 91 S.W.3d 905, 908–12 (Tex.App.-Fort Worth 2002, no pet.). Under both state and federal law, Esters exhausted his administrative remedies only as to the complaints made in the Original Charge and factually related claims that reasonably could be expected to grow out of the administrative investigation of that charge. *See Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir.1993); *Thomas v. Clayton Williams Energy, Inc.*, 2 S.W.3d 734, 738 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Esters did not complain of any retaliation in the Original Charge, and we conclude that Esters's Complaint Retaliation Claims are not factually related claims that reasonably could be expected to grow out of the administrative investigation of the Original Charge. *See Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 809 & n. 9 (Tex.App.-Austin 2009, no pet.); *El Paso Cty. v. Navarrete*, 194 S.W.3d 677, 683–84 (Tex.App.-El Paso 2006, pet. denied); *Elgaghil v. Tarrant Cty. Junior College*, 45 S.W.3d 133, 141–42 (Tex.App.-Fort Worth 2000, pet. denied).

But, under both state and federal law, courts have held that a claim of retaliation for filing a charge of discrimination is sufficiently related to the charge of dis-

crimination to exhaust remedies for the retaliation claim, even though the charge contains no reference to any alleged retaliation. *See Gupta v. East Tex. State Univ.,* 654 F.2d 411, 413–14 (5th Cir. 1981); *Elgaghil,* 45 S.W.3d at 141–42; *Thomas,* 2 S.W.3d at 738. Applying these precedents, we hold that, based on the Original Charge, Esters exhausted his administrative remedies as to his Charge Retaliation Claims, but that Esters did not exhaust administrative remedies as to his Complaint Retaliation Claims.[5] *See* 42 U.S.C. § 2000e–5(f)(1); Tex. Lab.Code Ann. §§ 21.055, 21.201 (West 2006); *Gupta,* 654 F.2d at 413–14; *Elgaghil,* 45 S.W.3d at 141–42; *Thomas,* 2 S.W.3d at 738.

**C. Does failure to exhaust remedies deprive the trial court of jurisdiction over claims under the Texas Labor Code and under Title VII?**

Even after *Dubai Petrol. Co. v. Kazi,* 12 S.W.3d 71 (Tex.2000) and *In re United Servs. Auto. Ass'n,* 307 S.W.3d 299 (Tex. 2010), failure to timely file an administrative complaint under section 21.201 of the Texas Labor Code deprives a court of subject-matter jurisdiction over discrimination claims under the Texas Labor Code. *See Lueck v. State,* 325 S.W.3d 752, 757–65 (Tex.App.-Austin 2010, pet. filed). Therefore, Esters's failure to pursue administrative remedies as to the Complaint Retaliation Claims under section 21.055 deprives the trial court of subject-matter jurisdiction over these claims.

Research reveals no precedent binding on this court as to whether a failure to exhaust administrative remedies under Title VII deprives a court of subject-matter jurisdiction, and there is significant conflict among federal courts as to the proper resolution of this issue. *See Pacheco v. Mineta,* 448 F.3d 783, 788, n. 7 (5th Cir. 2006); *Lueck,* 325 S.W.3d at 763. We agree with the courts holding that a failure to exhaust administrative remedies under Title VII deprives the court of subject-matter jurisdiction over the Title VII claim. *See Randel v. Dep't of U.S. Navy,* 157 F.3d 392, 395 (5th Cir.1998); *Tolbert v. United States,* 916 F.2d 245, 247 (5th Cir. 1990); *Gupta,* 654 F.2d at 414. Therefore, Esters's failure to pursue administrative remedies as to the Complaint Retaliation Claims under Title VII deprives the trial court of subject-matter jurisdiction over these claims.

**D. Did the trial court err by not dismissing all 1981 and 1983 Claims against the Department for lack of subject-matter jurisdiction?**

 After the trial court's ruling on the Department's first plea to the jurisdiction, Esters still had pending 1981 and 1983 Claims in which he alleged retaliation and sought prospective, equitable relief against the Department. The Department based its second plea on Esters's alleged failure to exhaust administrative remedies. As to Esters's remaining 1981 and 1983 Claims against the Department, the trial court did not err in denying the Department's second plea to the jurisdiction because administrative remedies need not be exhausted for these claims. *See CBOCS v. Humphries,* 553 U.S. 442, 454–55, 128 S.Ct. 1951, 1959–60, 170 L.Ed.2d 864 (2008) (stating that administrative remedies need not be pursued or exhausted for claims under 42 U.S.C. § 1981); *Patsy v. Board of Regents,* 457 U.S. 496, 516, 102 S.Ct.

---

**5.** Esters argues that all of his retaliation claims are sufficiently related to the discrimination alleged in the Original Charge based on the decision in *CBOCS v. Humphries,* 553 U.S. 442, 128 S.Ct. 1951, 170 L.Ed.2d 864 (2008). The *Humphries* decision does not support this argument.

2557, 2568, 73 L.Ed.2d 172 (1982) (concluding that administrative remedies need not be pursued or exhausted for claims under 42 U.S.C. § 1983).

■ But, under the Eleventh Amendment to the United States Constitution, the trial court lacks jurisdiction over all 1981 and 1983 Claims that Esters alleged or could allege against the Department, including claims under these statutes for prospective, equitable relief directly against the Department. *See* U.S. Const. amend. XI; *Virginia Office for Protection and Advocacy v. Stewart,* —— U.S. ——, 131 S.Ct. 1632, 1637–39, 179 L.Ed.2d 675 (2011) (stating that the *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) exception to Eleventh Amendment immunity is limited to the situation in which prospective, equitable relief is sought against a state actor in his official capacity commanding the actor to refrain from violating federal law and that the exception does not apply when the state is the real defendant); *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14, 105 S.Ct. 3099, 3106, n. 14, 87 L.Ed.2d 114 (1985) (stating that, unless a state waives its Eleventh Amendment immunity or Congress abrogates it, the state is immune from suit); *Quern v. Jordan,* 440 U.S. 332, 337–45, 99 S.Ct. 1139, 1143–49, 59 L.Ed.2d 358 (1979) (holding that, in enacting section 1983, Congress did not abrogate the states' Eleventh Amendment immunity); *Alabama v. Pugh,* 438 U.S. 781, 781–82, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978) (holding that Eleventh Amendment immunity precluded suit against state and state agency for injunctive relief, even though plaintiffs also had sued a number of state actors in their official capacity); *Brennan v. Stewart,* 834 F.2d 1248, 1251–55 (5th Cir.1988) (discussing complexities of Eleventh Amendment immunity and exception thereto under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)

for suits for prospective, equitable relief against state actors in their official capacity); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir.1981) (concluding that, in enacting section 1981, Congress did not abrogate the states' Eleventh Amendment immunity and that State of Texas did not waive Eleventh Amendment immunity of state agency); *Univ. of Tex. at El Paso v. Herrera,* 322 S.W.3d 192, 195 (Tex.2010) (noting that states and state agencies are entitled to Eleventh Amendment immunity in state court, unless Congress validly abrogates this immunity or the state waives this immunity); *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372–76 (Tex.2009) (discussing federal cases applying *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and adopting these cases for use in analyzing similar issues in context of governmental immunity under Texas law); *Carter v. State,* No. 03–08–00513–CV, 2009 WL 2059449, at *1 (Tex.App.-Austin Jul. 17, 2009, no pet.) (mem.op.) (affirming dismissal of 1983 claim against State of Texas based on Eleventh Amendment immunity and lack of waiver thereof by Texas).

■ Under *Ex parte Young* and its progeny, despite the State's Eleventh Amendment immunity, Esters can seek prospective, equitable relief under federal law against employees of a state agency in their official capacity; but this rule does not affect the immunity of the state agency from such suits, even though these suits, for all practical purposes, are against the state agency. *See Virginia Office for Protection and Advocacy,* —— U.S. ——, 131 S.Ct. 1632, 1637–39, 179 L.Ed.2d 675; *Graham,* 473 U.S. at 167, n. 14, 105 S.Ct. at 3106, n. 14; *Pugh,* 438 U.S. at 781–82, 98 S.Ct. at 3057–58; *Heinrich,* 284 S.W.3d at 372–73. Therefore, the trial court lacks jurisdiction over Esters's remaining 1981 and 1983 Claims directly against the Department. *See Graham,* 473 U.S. at 167, n. 14, 105 S.Ct. at 3106, n. 14; *Pugh,* 438

U.S. at 781–82, 98 S.Ct. at 3057–58; *Heinrich*, 284 S.W.3d at 372–73. We must address the trial court's lack of subject-matter jurisdiction over these claims against the Department, even though this is an interlocutory appeal and the trial court did not rule on this jurisdictional issue in the order from which the Department appeals. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850–51 (Tex. 2000); *Tex. Dep't of Transp. v. Olivares*, 316 S.W.3d 89, 95, 104 (Tex.App.-Houston [14th Dist.] 2010, no pet.).

### III. CONCLUSION

Esters exhausted his administrative remedies as to his Charge Retaliation Claims but not as to his Complaint Retaliation Claims. Therefore, the trial court did not err to the extent it denied the Department's plea to the jurisdiction as to the former claims but did err in not dismissing the latter claims. The trial court lacks subject-matter jurisdiction over Esters's remaining 1981 and 1983 Claims directly against the Department. Accordingly, we affirm the trial court's denial of the Department's plea as to Esters's Charge Retaliation Claims, reverse the remainder of the trial court's order, and remand with instructions for the trial court to dismiss the Complaint Retaliation Claims and all remaining 1981 and 1983 Claims directly against the Department for lack of subject-matter jurisdiction.[6] We remand for further proceedings consistent with this opinion.

ANDERSON, J., concurring without opinion.

---

6. We do not address Esters's claims against Yin, all of which are still pending in the trial court.