COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name: *Keryl L. Douglas v. Houston Housing Authority and Ernie Etuk*

Appellate case no.: 01-11-00508-CV

Trial court case no.: 2010-27821

Trial court: 190th District Court of Harris County

On July 15, 2013, Douglas filed a motion for rehearing and request for en banc reconsideration. Among her various issues, Douglas argues for the first time that the trial court erred in dismissing her non-Whistleblower Act/employment discrimination claims with prejudice because the charge of discrimination that she filed with the United States Equal Employment Opportunity Commission (EEOC) was still pending before the agency, and thus, her discrimination claims were not "ripe."

Douglas only asserted state law discrimination claims in the underlying suit (i.e., violations of the Texas Labor Code)—she did not assert any corresponding violations of federal law in this case (i.e., violations of Title VII). Appellees argued, and the trial court agreed, that Douglas's state law discrimination claims were barred because she failed to file her charge of discrimination within the mandatory 180-day filing deadline. *See* TEX. LAB. CODE ANN. § 21.202 (complaints pursuant to chapter 21 of Labor Code must be filed with Texas Workforce Commission (TWC) no later than 180th day after date alleged "unlawful employment practice" occurred; untimely complaints "shall" be dismissed); *see also Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 321 (Tex. App.—Texarkana 2008, pet. denied) ("To attach jurisdiction, [plaintiff] must have filed a complaint with the [TWC] or the [EEOC] within 180 days of the alleged discriminatory employment practice"). The 180–day statutory deadline for filing a complaint (i.e., a charge of discrimination) is a mandatory and jurisdictional prerequisite to filing suit and the failure to timely file a complaint deprives the court of subject-matter jurisdiction over such discrimination claims. *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *see also Tex. Dep't of Transp. v. Esters*, 343 S.W.3d 226, 231

(Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Lueck v. State*, 325 S.W.3d 752, 757–65 (Tex. App.—Austin 2010, pet. denied)).

The Labor Code requires that all such complaints must be in writing and made under oath and include, inter alia, "the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice." *See* Tex. LAB. CODE ANN. § 21.201(c)(2). This information allows the agency to determine, among other things, whether the charge was timely filed. An exception to the 180–day filing deadline, reflected in the "Continuing Action" box on the charge form used by both the EEOC and the TWC, is for unlawful discrimination that "manifests itself over time, rather than [as] a series of discrete acts." *Wal–Mart Stores, Inc. v. Davis*, 979 S.W.2d 30, 41–42 (Tex. App.—Austin 1998, pet. denied). When such "continuing violation" discrimination occurs, the 180–day filing clock does not begin to run until one of the involved discriminatory events "should, in fairness and logic, have alerted the average layperson to act to protect his or her rights." *Id.* at 42.

Here, Douglas filed a charge of discrimination with the TWC and EEOC in September 2010.[1] On her form, Douglas avers that the latest date discrimination occurred was February 2, 2010; she did not check the "Continuing Action" box. Thus, Douglas's own sworn statements reflect that her complaint was untimely (i.e., filed more than 180 days after February 2, 2010). As such, the trial court did not abuse its discretion by dismissing her state law discrimination claims with prejudice. Douglas is not entitled to relief on this basis—or any other basis raised in her motion for rehearing.

Accordingly, Douglas's motion for rehearing is **denied**. Douglas's and request for en banc reconsideration is also **denied.**

Judge's signature:  /s/ Jim Sharp
                         Acting for the Court

Date: October 22, 2013

The en banc court consists of: Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Sharp, Massengale, Brown, and Huddle.

---

[1]  "[C]harges that are filed by Texas employees with the EEOC are contemporaneously filed with the TWC." *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 504 n.4 (Tex. 2012).