

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

### No. 07-21-00083-CV

---

UNIVERSITY OF TEXAS SYSTEM, APPELLANT

V.

JESSICA RAE PLEASANT, APPELLEE

---

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-GN-20-007414, Honorable Jessica Mangrum, Presiding

---

August 26, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

The University of Texas System (the University) appeals a trial court's order denying its Motion to Dismiss Jessica Rae Pleasant's (Pleasant) petition which motion was filed pursuant to 91a of the Texas Rules of Civil Procedure. We reverse and render.[1]

---

[1] Because this appeal was transferred from the Third Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

*Background*

In 2018, Pleasant was enrolled at the University of Texas at Dallas as a PhD student in the Department of Arts and Humanities. During the period that she was enrolled, the Blanton Museum of Art on the Austin Campus of the University showed an exhibition which included a "30 ft." mural entitled *The City I* by Vincent Valdez. The mural depicted several persons dressed as the Ku Klux Klan, along with other depictions, and was on exhibit from July to October of 2018. Pleasant contacted the University explaining that the mural was of an offensive and well-known terrorist organization, the KKK. The University responded that it was "a symbol of anti-racism" and a "contemporary commentary on racism," according to its interpretation.

Pleasant alleged in her petition that the University began "tracking [her] online activity" wherein she was organizing a protest of the exhibition for the purpose of "suppress[ing] [her] freedom of speech by criminalizing her words." At some point, Pleasant requested that the University remove the mural permanently due to her concern that it would "incite violence on UT Austin campus by emboldening Neo-Nazis, Klansmen, or other white supremacists." She, further, believed her complaints were taken out of context by the University; and, that she was seen as a threat resulting in the University "entrapp[ing] [her] into [an] arrest with an issuance of a criminal trespass warning eight minutes before the Blanton Museum of Art opened on the day of the exhibition opening." This occurred after the University was made aware that there was a planned protest on the opening day of the exhibition.

On the opening day, Pleasant was detained based on allegations made by the University that she had attempted to damage the mural by "smack[ing] it." She denied

doing that. Moreover, she had been labelled a "threat" based on emails she had sent the University, according to her petition.

Pleasant sued the University, claiming damages for "the violation of [her] constitutional rights to assembly and free speech," fraud, and intentional infliction of emotional distress. The University filed a general denial which included a plea to the jurisdiction based on sovereign immunity. Thereafter, it moved to dismiss under Texas Rule of Civil Procedure Rule 91a. In that motion it raised the specter of sovereign immunity. The trial court denied the motion with the following:

> On this day, the Court considered Defendant's Rule 91a Motion to Dismiss, and after examining the pleadings, the argument of the parties, and the law, ORDERS as follows:
>
> It is hereby ORDERED that Defendant University of Texas System's Motion to Dismiss pursuant to Tex. R. Civ. P. 91a is DENIED. Plaintiff has stated colorable claims for false imprisonment, intentional infliction of emotional distress, and infringement of free speech and right of assembly under 42 U.S.C. sec. 1983.
>
> ***Defendant's claims of sovereign immunity are more properly addressed in its plea to the jurisdiction.***

(Emphasis added). The University has filed an interlocutory appeal from this order.

*Authority*

According to statute, dismissal is appropriate under Rule 91a when the plaintiff's "cause of action has no basis in law." TEX. R. CIV. P. 91a.1. It lacks such basis "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Whether to dismiss under the rule "depends 'solely on the pleading of the cause of action,'" for no evidence is considered. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (quoting TEX. R. CIV.

3

P. 91a.6. We also review a trial court's ruling on a Rule 91a motion de novo "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Id.*; *see Koenig v. Blaylock*, 497 S.W.3d 595, 598 (Tex. App.—Austin 2016, pet. denied) (reviewing the ruling on Rule 91a motion to dismiss de novo). Furthermore, sovereign immunity may be a legitimate basis upon which to grant a Rule 91a motion. *Hegar v. CHZP, LLC*, No. 03-17-00214-CV, 2018 Tex. App. LEXIS 4803, at *3 (Tex. App.—Austin June 28, 2018, no pet.) (mem. op.) (finding that "a state agency may assert sovereign immunity 'through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment' or a Rule 91 motion"); *see City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) ("the Rule 91a motion challenged the trial court's subject-matter jurisdiction over the claims asserted; therefore, section 51.014(a)(8) [of the Texas Civil Practice and Remedies Code] affords the City a right to an interlocutory appeal of the trial court's denial of the motion") (citing TEX. CIV. PRAC. & REM. CODE § 51.014(a)). Thus, to resolve this appeal, we ask whether the pleadings, liberally construed, allege sufficient facts to affirmatively demonstrate that 1) the State waived its sovereign immunity or 2) sovereign immunity does not apply to appellant's claims. *Spence v. State*, No. 03-17-00685-CV, 2019 Tex. App. LEXIS 3359, at *9 (Tex. App.—Austin Apr. 26, 2019, pet. denied) (mem. op.).

*Analysis*

The University raises three issues. Through them, it argues that: 1) the Texas Tort Claims Act prevents Pleasant from asserting causes of action for intentional infliction of emotional distress or false imprisonment since they are expressly excluded from the

4

scope of that statute as intentional torts; 2) the University had not waived its immunity to Pleasant's 42 U.S.C. § 1983 claims; and 3) Pleasant's possible claims for injunctive and/or mandamus relief were also barred by the University's immunity.

*Texas Tort Claims Act*

We first address the argument implicating the Tex. Tort Claims Act and sustain it as it concerns the causes of action for intentional infliction of emotional distress, fraud, and false imprisonment.

Section 101.021 of the Tort Claims Act waives sovereign immunity in three general areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Tex. Dept. of Transp. v. Able,* 35 S.W.3d 608, 611 (Tex. 2000). That is, a governmental unit in the state is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2019). Omitted from its scope are intentional torts, including those for 1) the intentional infliction of emotional distress, *Amadi v. City of Houston*, 369 S.W.3d 254, 260 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (no waiver for defamation or intentional infliction of emotional distress), 2)

5

false imprisonment, TEX. CIV. PRAC. & REM. CODE ANN § 101.057 (stating that "[t]his chapter does not apply to a claim: . . . arising out of . . . false imprisonment"); see *McCord v. Memorial Med. Ctr. Hosp.*, 750 S.W.2d 362, 363 (Tex. App.—Corpus Christi 1988, no writ) (finding false imprisonment does not fall within the three general areas of governmental liability pursuant to the TTCA), and 3) fraud. *Multi-County Water Supply Corp. v. City of Hamilton*, No. 10-11-00037-CV, 2012 Tex. App. LEXIS 1433, at *6–7 (Tex. App.—Waco Feb. 22, 2012, pet. denied) (mem. op.) (appellant's fraud claims did not fall within the limited waiver of governmental immunity under the Texas Tort Claims Act); *Tex. State Auditor's Office v. Mora-Nichols,* No. 03-03-00113-CV, 2003 Tex. App. LEXIS 9209, at *11 (Tex. App.—Austin Oct. 30, 2003, no pet.) (mem. op.) (finding the same). So, Pleasant's allegations of fraud, intentional infliction of emotional distress, and false imprisonment do not survive the bar of sovereign immunity.

*42 U.S.C. § 1983*

The University next contends that "claims brought under § 1983 against entities of the state are barred under Eleventh Amendment immunity." We agree and sustain the issue.

Section 1983 provides that a "person" who violates a plaintiff's civil rights can be sued and subjected to liability. 42 U.S.C. § 1983 (LEXIS through Pub. L. No. 117-28). However, the U.S. Supreme Court has explained that the statute "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). This is so because the "Eleventh Amendment[2] bars such suits unless

---

[2] The Eleventh Amendment to the United State Constitution provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

6

the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id.*; *Carter v. State,* 03-08-00513-CV, 2009 Tex. App. LEXIS 5455, at *5 (Tex. App.—Austin July 17, 2009, no pet.) (mem. op.) (stating the same). We find that the University is entitled to Eleventh Amendment immunity because 1) it's a state agency, TEX. EDUC. CODE ANN. § 61.003(6) and TEX. GOV'T CODE ANN. § 572.002(10)(B), 2) it was not argued that the University had consented to suit, nor have we found that it consented, and 3) Congress had not expressly waived sovereign immunity for 42 U.S.C. § 1983 purposes. *See Lewis v. Univ. of Tex. Med. Branch*, 665 F.3d 625, 630 (5th Cir. 2011); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) ("§ 1983 actions do not lie against a State"). And, because subject matter jurisdiction challenges may be raised for the first time on appeal, *see Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000), we can consider the argument here. Therefore, we do consider it and find that the trial court lacks jurisdiction over Pleasant's § 1983 claims directly against the University. *Tex. Dept. of Transp. v. Esters*, 343 S.W.3d 226, 232–33 (Tex. App.— Houston [14th Dist.] 2011, no pet.) (holding that despite the State's Eleventh Amendment immunity, the plaintiff can seek prospective, equitable relief under federal law against employees of a state agency in their official capacity; but this rule does not affect the immunity of the state agency from such suits, even though these suits, for all practical purposes, are against the state agency).

Based on our disposition of the University's first two issues, we need not address its third issue. Accordingly, we reverse the trial court's order and render judgment

---

against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. 11.

7

dismissing Pleasant's claims for false imprisonment, fraud, intentional infliction of emotional distress and all § 1983 claims against the University.

Per Curiam