**Affirmed and Opinion Filed September 20, 2023**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00207-CV**

**REGINA WREN, Appellant**
**V.**
**MIDWESTERN STATE UNIVERSITY, JAMES JOHNSTON, DEBRA**
**WALKER, JULIA KNAUFF, KRISTINA HALBERG, KATHLEEN**
**WILLIAMSON, INDIVIDUALLY & IN THEIR OFFICIAL CAPACITIES,**
**Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-05447**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Partida-Kipness

Appellant Regina Wren appeals the granting of appellee Midwestern State

University (MSU)'s plea to the jurisdiction. We affirm.

## BACKGROUND

Wren was admitted to MSU's Family Nurse Practitioner (FNP) program for

the 2010-2011 academic year. In the spring semester of 2016, after an unsatisfactory

performance on her FNP II clinical practicum exam, Wren was not allowed to

continue in the course. MSU requested she withdraw from FNP II in order to avoid

receiving an "F" as a grade for the class. Wren was required to enroll in a special topics course in the fall semester of 2016 in order to continue with the FNP program, but did not do so. In August 2016, she emailed MSU stating she could not continue with the FNP program due to "financial reasons" and was voluntarily withdrawing from the program. Wren's e-mail did express displeasure with her failing grade on the clinical practicum but she did not suggest she was withdrawing from the FNP program due to any form of discrimination. In November 2016, Professor Julia Knauff notified Wren of her formal dismissal from the FNP program for not being enrolled in the required classes of the FNP program as required by the university catalog. Professor Knauff also advised Wren of her right to appeal the dismissal decision. Wren did not appeal MSU's decision.

In April 2018, Wren filed suit in federal court alleging several claims based on disability and race discrimination, violations of her civil rights, civil conspiracy, and defamation against MSU and numerous employees. After allowing Wren to amend her complaint multiple times, the federal court dismissed her federal claims and declined to hear her state law claims. She did not appeal the dismissal to the Fifth Circuit Court of Appeals.

In April 2020, Wren initiated this lawsuit in state court. She sued MSU, as well as MSU employees James Johnston, Matthew Park, Julia Knauff, Kristina Halberg, Debra Walker, and Kathleen Williamson in their official capacities. In this suit, Wren alleged breach of contract, fraud, breach of fiduciary duty, violations of

the Texas Civil Practice and Remedies Code section 106.101, violations under the Texas Constitution, deprivation of civil rights under 42 U.S.C. sections 1981 and 1983, and violations of the Civil Rights Act. Wren sought monetary damages. Johnston, Park, Knauff, Halberg, Walker, and Williamson filed pleas the jurisdiction, which were granted and their individual cases dismissed with prejudice. Those parties are not part of this appeal. MSU was the remaining defendant in the case and filed a plea to the jurisdiction, which the trial court granted in January 2022. The case was dismissed with prejudice and Wren filed this appeal.

## STANDARD OF REVIEW

All courts must have subject matter jurisdiction to hear suits before it. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). The State and other state agencies are immune from suit and liability in Texas unless the legislature expressly waives sovereign immunity. *State v. LBJ/Brookhaven Investors, L.P.*, 650 S.W.3d 922, 926 (Tex. App.—Dallas 2022, pet. filed); *see* TEX. GOV'T CODE § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). A statute may waive immunity from suit, immunity from liability, or both. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Immunity from suit is a jurisdictional question of whether the State has expressly consented to suit. *Id*. Sovereign immunity from suit is properly asserted when the State files a plea to the jurisdiction. *Id*.

A plea to the jurisdiction based on sovereign immunity challenges a trial court's subject matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Subject matter jurisdiction cannot be presumed or waived. *Continental Coffee Prods. v. Cazarez*, 937 S.W.2d 444, 449 n.2 (Tex. 1996). Whether a trial court has subject matter jurisdiction is a question of law for the court. *Miranda*, 133 S.W.3d at 226; *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). When a plea to the jurisdiction challenges the pleadings, a court determines if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the court should rule on the plea to the jurisdiction as a matter of law. *Id*.

We review a plea to the jurisdiction de novo when it is based on sovereign immunity. *IT-Davy*, 74 S.W.3d at 855. When reviewing a plea to the jurisdiction, a court should limit itself to the jurisdictional issue and avoid considering the merits of the claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 552 (Tex. 2000). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Tex. Air Control Bd.*, 852 S.W.2d at 446.

Individuals can also enjoy the State's immunity from suit. A suit against an individual in their official capacities does not seek to impose liability on that person individually, but seeks to impose liability against the governmental unit. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see IT-Davy*, 74 S.W.3d at 855–56. Claims of this nature are not claims against the individuals, but claims against the state.

## ANALYSIS

Wren asserted multiple causes of action in her pleading: breach of contract, breach of fiduciary duty, fraud, a violation of the Texas Civil Practice and Remedies Code section 106.101, violations of the Texas Constitution, and violation of her civil rights. We address her claims as related to MSU's plea to the jurisdiction below.

### A. Tort Claims

Governmental immunity protects political subdivisions of the State from lawsuits for money damages unless immunity has been waived. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *City of Fort Worth v. Deal*, 552 S.W.3d 366, 371 (Tex. App.—Fort Worth 2018, pet. ref'd). The Texas Tort Claims Act (TTCA) provides a limited waiver of governmental immunity in three general areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." TEX. CIV. PRAC. & REM. CODE § 101.021.; *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). However, this limited waiver does not apply to intentional torts. *Id.* § 101.057(2).

Wren alleges fraud and breach of fiduciary duty, which are considered intentional torts. Due to their status as intentional torts, fraud and breach of fiduciary duty do not fall within this waiver. *See Univ. of Tex. System v. Pleasant*, No. , 2021 WL 3784301, *3 (Tex. App.—Amarillo Aug. 26, 2021, no pet.). Therefore, they are barred by sovereign immunity and the trial court did not err by granting MSU's plea to the jurisdiction relating to the tort claims.

**B.     Breach of Contract Claim**

Wren next claims a contract was formed with MSU when she enrolled in the FNP program. A private citizen must have legislative consent to sue the State for breach of contract. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332–33 (Tex. 2006). A governmental entity can waive its immunity from liability by entering into a contract with a private citizen but it does not waive its immunity from suit. *Id*. The Texas Supreme Court has consistently deferred to the legislature to waive sovereign immunity from suit. *Id*. at 332.

Even if enrollment constituted a contract between Wren and MSU, Wren has not established a clear waiver of immunity. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999); *Tobias v. Univ. of Tex. at Arlington*, 824 S.W.3d 201, 211 (Tex. App.—Fort Worth 1992, pet. ref'd) (citing to cases where a catalog can be a contract if specifically stated as such). Her petition did not cite to any specific statute for a breach of contract claim or include exhibits to establish a contract was created. *See id*. Because there was no establishment of a contract or a waiver of

sovereign immunity, Wren's breach of contract claim is barred. The trial court did not err by granting MSU's plea to the jurisdiction on this claim.

## C.     Federal Claims

Wren also alleges MSU violated her civil rights, which she states fall under 42 U.S.C. section 1981 and 1983 and the Civil Rights Act of 1964. Section 1983 provides that a "person" who violates a plaintiff's civil rights can be sued and subjected to liability. 42 U.S.C. § 1983. The Supreme Court has explained that the statute "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Univ. of Tex. Sys. v. Pleasant,* No. 07-21-00083-CV, 2021 WL 3784301, at *3 (Tex. App. Aug. 26, 2021).

This is so because the "Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id.*; *Carter v. State*, No. 03-08-00513-CV, 2009 WL 2059449, at *1, (Tex. App.—Austin July 17, 2009, no pet.) (mem. op.) (stating the same). We find that MSU is entitled to Eleventh Amendment immunity because (a) it is a state agency, (b) it was not argued that MSU consented to suit, nor have we found that it consented, and (c) Congress had not expressly waived sovereign immunity for 42 U.S.C. section 1983 purposes. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) ("§ 1983 actions do not lie against a State"). We find that the trial court lacks jurisdiction over Wren's

federal claims against MSU. *Tex. Dept. of Transp. v. Esters*, 343 S.W.3d 226, 232–33 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that despite the State's Eleventh Amendment immunity, the plaintiff can seek prospective, equitable relief under federal law against employees of a state agency in their official capacity; but this rule does not affect the immunity of the state agency from such suits, even though these suits, for all practical purposes, are against the state agency).

Wren only argues in her brief about section 1983. There is no argument or analysis regarding section 1981 or the Civil Rights Act. We find any issue regarding section 1981 and the civil rights act is waived. *See* TEX. R. APP. P. 38.1. By not establishing a waiver of immunity, Wren has not established a violation of her federal rights. The trial court did not err by granting MSU's plea to the jurisdiction.

**D.    State Constitutional Claims**

Wren alleges her rights were violated under the Texas Constitution but she does not argue that issue in her brief before this Court. However, Texas courts have typically followed "federal due process interpretations of procedural due process issues" and done the same for equal protection issues. *Mosely v. Tex. Health & Human Servs. Commn.*, 593 S.W.3d 250, 264 (Tex. 2019); *Bell v. Low Income Women of Tex.*, 95 S.W.3d 253, 266 (Tex. 2022). This interpretation has included the recognition that those clauses do not themselves create a right of action. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 144 (Tex. 1995); see also *Cathcart v. Jones*, No. 05-18-01175-CV, 2020 WL 8 2214105, at *5 (Tex. App. – Dallas May 7, 2020,

no pet.) (Texas law does not recognize private rights of action for constitutional violations).

However, "sovereign immunity does not bar a suit to vindicate constitutional rights[.]" *Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)). That said, not every suit alleging a constitutional violation causes a waiver of sovereign immunity; no waiver occurs if the constitutional claims are facially invalid. *See id.*; *see also Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011).

Wren's argument that her constitutional rights were violated do not state a claim for which relief could be granted, and even if she had, there was no waiver of sovereign immunity identified to allow her claim. The trial court did not err in granting MSU's plea to the jurisdiction on this ground.

## E.     Violation of Texas Civil Practice and Remedies Code section 106.001.

Section 106.001 of the civil practice and remedies code prohibits forms of discrimination of several grounds. TEX. CIV. PRAC. & REM. CODE § 106.001.  State employees cannot:

(1) refuse to issue to the person a license, permit, or certificate;

(2) revoke or suspend the person's license, permit, or certificate;

(3) refuse to permit the person to use facilities open to the public and owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

(4) refuse to permit the person to participate in a program owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

(5) refuse to grant a benefit to the person;

(6) impose an unreasonable burden on the person; or

(7) refuse to award a contract to the person.

*Id*. Wren does not argue which provision under section 106.001 is applicable to her case. A state university's academic dismissal is not included in section 106.001. Wren simply states the legislature intended to waive sovereign immunity in limited circumstances, which is true. However, Wren withdrew from the program on her own accord stating financial hardship. We do not find that section 106.001 is applicable to Wren's case and find the trial court properly granted MSU's plea to the jurisdiction. We overrule Wren's issues.

## F.     Statute of Limitations

Wren also asserts her claims were not barred by the statute of limitations. However, because we addressed the claims she raised, we need not address any statute of limitations issues.

## CONCLUSION

We affirm the trial court's grant of MSU's plea to the jurisdiction.


/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

220207F.P05

–10–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

REGINA WREN, Appellant

No. 05-22-00207-CV          V.

MIDWESTERN STATE
UNIVERSITY, JAMES
JOHNSTON, DEBRA WALKER,
JULIA KNAUFF, KRISTINA
HALBERG, KATHLEEN
WILLIAMSON, INDIVIDUALLY
& IN THEIR OFFICIAL
CAPACITIES, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-05447.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MIDWESTERN STATE UNIVERSITY, JAMES JOHNSTON, DEBRA WALKER, JULIA KNAUFF, KRISTINA HALBERG, KATHLEEN WILLIAMSON, INDIVIDUALLY & IN THEIR OFFICIAL CAPACITIES recover its costs of this appeal from appellant REGINA WREN.

Judgment entered this 20th day of September 2023.