# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-2886

LU ANN GELDON,

*Plaintiff-Appellant,*

v.

SOUTH MILWAUKEE SCHOOL DISTRICT,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 02-C-1048—**Aaron E. Goodstein**, *Magistrate Judge.*

_____

ARGUED JUNE 8, 2005—DECIDED JULY 13, 2005

_____

Before CUDAHY, EVANS, and WILLIAMS, *Circuit Judges.*

EVANS, *Circuit Judge.* After failing in three attempts to land custodial jobs with the South Milwaukee School District, Lu Ann Geldon sued, claiming the School District's decision not to hire her was motivated, at least in part, by her gender. The district court (Magistrate Aaron E. Goodstein sitting by consent) granted the School District's motion for summary judgment on two of Geldon's claims but allowed the third to proceed to trial, where a jury found for the School District. Geldon challenges the result of all three claims.

Geldon began working for the School District in June 1998, performing light cleaning duties as a building service helper. Three years later, she applied for the position of assistant painter/relief custodian. Although Geldon was one of seven applicants selected to interview for the job, she was not one of three called back for a second interview.

Around the same time, the School District began looking for a long-term substitute custodian. During interviews for the assistant painter/relief custodian position, applicants were asked if they would be interested in the long-term substitute position. Geldon says she was asked about the substitute position during her interview but that interim operations manager Don Amundson cut her off before she could answer, saying that she would not be considered for the job. The School District ended up hiring one of the finalists for the assistant painter/relief custodian position to fill the long-term substitute position. After missing out on the two jobs, Geldon filed a sex discrimination complaint with the Wisconsin Equal Rights Division and the Equal Employment Opportunity Commission.

In the spring of the following year, Geldon applied for a job as a permanent second-shift custodian but was not one of 11 applicants selected to interview for the job. She filed a second discrimination complaint with the Equal Rights Division, alleging that the decision to pass her over for the second-shift custodian position was based on her gender and in retaliation for the discrimination claim she filed. The EEOC granted Geldon right-to-sue letters on both of her discrimination complaints, and Geldon sued, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

On the claim related to the position of substitute custodian, the district court found that Geldon had not exhausted her administrative remedies before filing her complaint in the district court and granted the School District's motion

for summary judgment. The district court also granted the School District's motion for summary judgment on the claims related to the second-shift custodian position, finding that Geldon failed to present sufficient evidence. But on Geldon's claim concerning the assistant painter/relief custodian job, the district court found enough evidence to send the case to a jury, pointing to the statements of Larry Barber, a member of the custodial bargaining unit who was on the interview committee for the job. According to affidavits submitted by Geldon, Barber told School District custodians, "What is the matter with you, we don't want a woman working here," and "Come on Tom, do you really want to work with a woman?"

After a 4-day trial, a jury found that the School District did not discriminate against Geldon. In her appeal, Geldon argues that the district court erred in granting the School District's motion for summary judgment on the claim related to the substitute custodian position. She argues that the granting of that motion also led to the grant of summary judgment on claims related to the second-shift custodian position and that these decisions hurt her chances of success at the subsequent trial.

We review the district court's grant of summary judgment *de novo*, viewing all facts and drawing all reasonable inferences in a light most favorable to Geldon. *Williams v. Waste Mgt. of Ill.*, 361 F.3d 1021, 1028 (7th Cir. 2004). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Because all of her arguments on appeal arise out of the district court's grant of summary judgment on Geldon's claim concerning the substitute custodian position, we begin

there. The district court found that Geldon failed to include a complaint about the substitute custodian position in her filings with the Equal Rights Division and EEOC. Thus, it found, she failed to exhaust her administrative options. *See Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001).[1]

A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)); *see also Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520 (7th Cir. 2003). The rule is meant both to give the EEOC and employer an opportunity to settle the dispute and to give the employer fair notice of the conduct about which the employee is complaining. *See Haugerud v. Amery School Dist.*, 259 F.3d 678, 689 (7th Cir. 2001).

This case is close because an EEOC investigation of Geldon's complaint about the assistant painter/relief custodian position might have turned up the fact that she was also interested in, but ultimately not hired for, the substitute custodian position. Thus, in one sense, the complaint about the substitute custodian position was "like or reasonably related" to the complaint about the assistant painter/

---

[1] Geldon claims this argument was not properly before the district court because the School District did not raise it until its reply brief in support of its motion for summary judgment. The School District questions the sufficiency of Geldon's pleading on her claim based on the substitute custodian position, and rightly claims it was not clear that Geldon was challenging the hiring decision on the substitute custodian position until her brief in opposition to the School District's summary judgment motion. The School District raised the issue of whether Geldon had exhausted her administrative options in its next filing, so it did not waive the argument.

relief custodian—they involved similar positions offered around the same time, with decisions made by the same hiring officials.

Still, the district court was correct to grant the School District's motion because her initial complaint did not put the agencies or the School District on notice that she also was complaining about the substitute custodian position. In her initial charge, Geldon spelled out in great detail the circumstances surrounding her application for the assistant painter/relief custodian position, concluding that "I feel that I was not considered for this position because of my sex even though I am qualified for the position." Geldon would not have to have done a lot to put the EEOC and School District on notice that she also thought she was not considered for the substitute custodian position because of her sex. She could have gotten the point across by adding just a few words or even by simply writing that she felt she was not considered for "these positions" even though she was qualified for "the positions." Instead, she filed her charge complaining solely about the assistant painter/relief custodian position, even though she had also recently been denied the substitute custodian job. As a result, someone looking at the charge who knew that she had also sought the substitute custodian position likely would have inferred that Geldon did not mention the substitute custodian position because she did not think the decision not to hire her for that position was motivated by her gender. Therefore, the EEOC and School District were not put on proper notice with respect to Geldon's complaint about the substitute custodian position, and the district court did not err.

Geldon next argues that the grant of summary judgment on the substitute custodian position prejudiced the trial on the assistant painter/relief custodian position. Specifically, she claims that introducing evidence that she was not seriously considered for the substitute custodian position

would have helped her create "a convincing mosaic of discrimination." *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994).

Of course, the fact that we determined that the district court did not err in granting summary judgment on the substitute custodian position takes the paddle away from Geldon, but it is worth noting that she was already too far up the proverbial creek for it to matter. That's because the district court's decision to grant summary judgment on the substitute custodian position should have had absolutely no effect on the evidence Geldon was allowed to bring in at trial. If evidence about the substitute custodian position was relevant to questions raised about the assistant painter/relief custodian position (assuming it met the requirements of the Rules of Evidence), Geldon should have been able to present that evidence at trial, whether or not her claim regarding the substitute custodian position was a part of the trial. To the extent that Geldon thought some relevant evidence was excluded, she was free to appeal any evidentiary decision. Otherwise, she merely is lamenting the fact that she could not bring in evidence to confuse the jury. In any event, there is no merit to her claim that the trial on the assistant painter/relief custodian position was tainted because of the district court's grant of summary judgment on the substitute custodian position.

Geldon also argues that the district court erred in granting the School District's motion for summary judgment on the claim related to the second-shift custodian position. That claim, however, also is based on her contention that the district court wrongly granted the School District's motion on the claim related to the assistant painter/relief custodian position and therefore is also without merit. Accordingly, the judgment of the district court is AFFIRMED.

CUDAHY, *Circuit Judge*, concurring in the judgment: I concur in the affirmance of the denial of the substitute custodian claim, because any evidence of discrimination as to this claim was the same as the evidence on the assistant painter/relief custodian claim, which was rejected by the jury. Therefore, any error in granting summary judgment with respect to the substitute custodian claim was harmless.

I do not agree, however, that there was a failure to exhaust administrative remedies with respect to the substitute custodian claim. The majority opinion argues that the omission of this claim in Geldon's EEOC complaint deprived the EEOC and South Milwaukee of proper notice that the claim in question would be subject to litigation. But the test for exhaustion purposes is whether the substitute custodian claim was like or reasonably related to the assistant painter/relief custodian claim. See *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). If ever there was a reasonable relation, there was one here, since both claims are based on the same evidence of discriminatory animus. The alleged discriminatory conduct occurred during the same interview process and implicated the same hiring officials. In addition, the details of the substitute custodian claim were actually presented at the trial of the other claim. This is an abundant showing of a reasonable relationship, and to hold otherwise is to elevate form over substance.

A true Copy:

  Teste:

        _____

        *Clerk of the United States Court of Appeals for the Seventh Circuit*