

# NUMBER 13-24-00008-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DAE JOON KIM,**                                                                    **Appellant,**

**v.**

**THE UNIVERSITY OF TEXAS
RIO GRANDE VALLEY AND
JOHN H. KROUSE,**                                                                **Appellee.**

## ON APPEAL FROM THE 476TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Chief Justice Contreras**

Appellant Dae Joon Kim filed suit against appellee The University of Texas Rio

Grande Valley (UTRGV) for unlawful employment discrimination and retaliation.[1] UTRGV

---

[1] John H. Krouse was named as a defendant in Kim's live petition, but he did not join in UTRGV's plea to the jurisdiction and is not a party to this appeal.

filed a plea to the jurisdiction arguing that Kim failed to timely exhaust his administrative remedies. Kim's sole argument on appeal is that the trial court erred when it granted UTRGV's plea. We affirm.

## I. BACKGROUND

Kim is currently employed as a researcher and tenured associate professor at UTRGV's School of Medicine. On November 16, 2021, Kim filed a formal charge of discrimination with the Texas Workforce Commission (TWC). In his charge, Kim checked the boxes indicating race, sex, and national origin discrimination, and retaliation. Kim wrote that the earliest date of discrimination was November 26, 2018, and the latest date of discrimination was May 17, 2021. Kim also checked the box on the charge form that indicated the discrimination was a "continuing action." In the narrative section of the charge, he provided:

> I have suffered discrimination and retaliation by various members of the administration and staff of University of Texas Rio Grande Valley [] School of Medicine (UTRGV) based on race, national origin, and gender, as well as for having filed internal complaints related to discrimination and academic/research misconduct involving theft of research material. The issues stem from a former colleague, Dr. Mihwa[] Kim [MK], who engaged in academic and research misconduct by stealing my materials and research findings on bone cancer. When [MK] stole the material, she falsely accused me of sexual harassment which resulted in UTRGV conducting an investigation on me which lasted nearly two years. [MK] also filed criminal charges against me and I was unable to inform the court that the matter had been resolved by UTRGV due to their delay. The UTRGV investigation on the false accusations ultimately resulted in no findings against me. The delay of this investigation by UTRGV has interfered with my complaints of academic/research misconduct against [MK]. The delay in addressing my complaints has resulted in a loss of approximately $3.38 million dollars in research funding opportunities.
>
> UTRGV personnel have retaliated against me for filing internal complaints and grievances, and UTRGV has discriminated against me by not handling

my complaints and grievances in a fair, just, or prompt manner, as they would have for colleagues of other races, of other national origins, or of another gender. The research at issue is funded by NIH grants. Relevant UTRGV personnel have not followed federally-mandated procedures to address complaints of academic research misconduct involving NIH funds. Various UTRGV personnel have misled me about UTRGV policies and procedures when I have inquired with them about my internal complaints and grievances. In a letter dated May 17, 2021, Dean John H. Krouse affirmed a decision to dismiss my internal grievance against UTRGV. Dean Krouse even suggested that I transfer to another department for more fruitful funding opportunities rather than directly address my complaint of academic/research misconduct.

These actions have resulted in unlawful discrimination and retaliation covered by Ch. 21 of the Texas Labor Code, Titles IV, VI, VII of the Civil Rights Act of 1964, and Title IX of the Education Amendments of 1972.

On September 8, 2022, TWC issued Kim a right-to-sue letter informing him that he had sixty days from the receipt of the notice to file a civil action. Kim subsequently filed his original petition against UTRGV on November 8, 2022, and his second amended petition on October 10, 2023 ("the petition").

UTRGV filed a plea to the jurisdiction asserting that Kim's discrimination and retaliation claims are barred because he failed to timely exhaust his administrative remedies as required by Chapter 21 of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 21.202(a). Specifically, UTRGV argued Kim's "[c]harge is devoid of allegations that an adverse employment action occurred in the 180-day period between May 20, 2021, and November 16, 2021, and the continuing violation doctrine does not apply." *See id.*; *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 808 (Tex. App.—Austin 2009, no pet.) ("When such 'continuing violation' discrimination occurs, the 180-day filing clock does not begin to run until one of the involved discriminatory events should, in fairness and logic, have alerted the average layperson to act to protect his or her rights." (citation omitted)). The

3

trial court granted UTRGV's plea by submission. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (providing for interlocutory appeal from a trial court's order on a plea to the jurisdiction).

## II. DISCUSSION

By his sole issue, Kim argues that the trial court erred in granting UTRGV's plea to the jurisdiction because he timely exhausted his administrative remedies.

## A. Standard of Review

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.*

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id.* (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555); *see Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022) (explaining that a plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both). This is true even when the jurisdictional issue intertwines with the merits of the case. *Swanson*, 590 S.W.3d at 550.

4

When jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 805 (Tex. 2018). We must take as true all evidence favorable to the nonmovant, indulge every reasonable inference and resolve any doubts in the nonmovant's favor, and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 771; *Miranda*, 133 S.W.3d at 228. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a factfinder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

## B. Applicable Law

The Texas Commission on Human Rights Act (TCHRA) prohibits, among other things, race, sex, and national origin discrimination and retaliation by employers. *See* TEX. LAB. CODE ANN. §§ 21.051, 21.055. A jurisdictional prerequisite to filing suit under the TCHRA is the exhaustion of administrative remedies. *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, pet. denied) (citations omitted). To meet the exhaustion requirement, a person must, among other requirements, file a charge of discrimination with the TWC within 180 days of the alleged discriminatory employment action. *See* TEX. LAB. CODE ANN. §§ 21.201(a), (g), 21.202(a); *Czerwinski v. Univ. of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 121 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). "A lawsuit under the [TCHRA] is limited to claims made in the charge or complaint filed with the [TWC] and factually related claims that can reasonably be expected to grow

5

out of the commission's investigation." *Santi v. Univ. of Tex. Health Sci. Ctr. at Houston*, 312 S.W.3d 800, 805 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citation omitted).

"An exception to the 180-day filing deadline is reflected in the 'Continuing Action' box included in the TWC charge, which is intended to cover unlawful discrimination or retaliation that manifests itself over time, rather than as a series of discrete acts." *Poindexter*, 306 S.W.3d at 808; *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111–17 (2002). "When a charge is timely filed as to one act of discrimination, the doctrine of continuing violation expands the scope of those discriminatory events that are actionable, as long as one of the events occurs within the 180-day period." *Wal-Mart Stores, Inc. v. Davis*, 979 S.W.2d 30, 41 (Tex. App.—Austin 1998, pet. denied) (citing *Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1560-61 (5th Cir. 1985)); *see Morgan*, 536 U.S. at 112 ("This Court has [] held that discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period.").

"The crucial element of a charge of discrimination is the factual statement contained" in the administrative complaint or charge. *Preston v. Tex. Dep't of Family & Prot. Servs.*, 222 F. App'x 353, 356 (5th Cir. 2007). "We construe the complaint liberally to reach its substance, but we will not construe it to include facts that were initially omitted." *Brownsville Indep. Sch. Dist. v. Alex*, 408 S.W.3d 670, 674 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.) (citation omitted)).

## C.    Analysis

Kim filed his charge with the TWC on November 16, 2021. Thus, his 180-day timeline ran from May 20, 2021, to November 16, 2021. *See* TEX. LAB. CODE ANN.

6

§ 21.202(a). Kim's charge alleged that the discrimination and retaliation he faced last occurred 183 days before he filed his charge, from November 26, 2018, to May 17, 2021. Nonetheless, he argues that the trial court has jurisdiction over his claim because his charge falls within the continuing violation doctrine, as he checked the "continuing action" box, and the "[c]harge specifically states that [the] violations by UTRGV were continuing."

However, the continuing violation doctrine only applies when the charge shows at least one alleged violation occurred within the 180-day period. *See Davis*, 979 S.W.2d at 41; *City of El Paso v. Marquez*, 380 S.W.3d 335, 343 (Tex. App.—El Paso 2012, no pet.) ("Under the continuing violation doctrine a plaintiff is relieved from proving that the entire discriminatory practice occurred within the actionable time period, if he can show a series of related acts, one or more which fall within the 180–day statutory deadline."); *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 326 (Tex. App.—Texarkana 2008, pet. denied) ("[O]ur research reveals that, in every case applying *Morgan* or the 'continuing violation' doctrine, to the extent the contents of the administrative complaint are discussed, at least one non-time-barred act of harassment is actually complained of in the administrative complaint." (citations omitted)).

The doctrine is intended to expand the scope of discriminatory events that are actionable. *See Davis*, 979 S.W.2d at 41; *see also Donna Indep. Sch. Dist. v. Rodriguez*, No. 13-09-00185-CV, 2009 WL 2962376, at *3 (Tex. App.—Corpus Christi–Edinburg Sept. 17, 2009, no pet.) (mem. op.). It cannot be used to pull in a time-barred discriminatory act. *See Bartosh*, 259 S.W.3d at 326; *see also Donna Indep. Sch. Dist. v. Castillo*, No. 13-19-00395-CV, 2020 WL 4812638, at *6 (Tex. App.—Corpus Christi–

7

Edinburg Aug. 13, 2020, pet. denied) (mem. op.). Because Kim did not allege an unlawful discriminatory or retaliatory action within the 180-day period in his charge, the continuing violation doctrine is inapplicable. *See Bartosh*, 259 S.W.3d at 326; *see also Castillo*, 2020 WL 4812638, at *6 (holding that plaintiff's claim of hostile work environment was untimely because her charge did not allege any specific instances of sexual harassment within 180 days of filing her charge); *Rodriguez*, 2009 WL 2962376, at *3 ("Because Rodriguez did not file a complaint with the TCHR within 180 days of the grievance, she [] failed to invoke the trial court's jurisdiction with respect to the allegations contained" in her charge).

Kim contends that the trial court had jurisdiction to hear his claims because he alleges acts occurring within the 180-day period in his petition and those acts could "reasonably be expected to grow out of [his] discrimination charge." *See Santi*, 312 S.W.3d at 805. However, "[i]n determining what may reasonably be expected to grow from the complaint, the court considers only what can be determined from the timely-alleged facts." *Bartosh*, 259 S.W.3d at 327. Here, Kim did not allege in his charge that any of the discrimination or retaliation occurred within the 180-day period. *See id.*; *Davis*, 979 S.W.2d at 41; *Marquez*, 380 S.W.3d at 343. Finally, we note that we cannot construe Kim's charge "to include facts that were initially omitted." *See Alex*, 408 S.W.3d at 674.

Because Kim alleged that the last day of discrimination and retaliation occurred more than 180 days before he filed his charge, the charge was not timely, and the trial court did not have jurisdiction over Kim's claims. *See Bartosh*, 259 S.W.3d at 326–27; *see also Castillo*, 2020 WL 4812638, at *6; *Rodriguez*, 2009 WL 2962376, at *3. We overrule Kim's sole issue.

8

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
22nd day of August, 2024.