

# NUMBER 13-24-00206-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUBILEE ACADEMIES, INC.,                                          **Appellant,**

**v.**

BRENDA MCKINNON,                                                **Appellee.**

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 1
## OF CAMERON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Jubilee Academies, Inc. (Jubilee), a charter school, argues that the trial court erred by denying its plea to the jurisdiction seeking to dismiss an employment discrimination and retaliation suit filed by appellee Brenda McKinnon. Because we agree, we reverse the trial court's judgment and render judgment granting the plea.

## I.    BACKGROUND

In her original petition filed on April 25, 2023, McKinnon alleged that she was employed by Jubilee as an "attendance clerk" beginning on August 19, 2019, but that "[d]uring the last six months of her employment, she was subjected to discriminatory animus, disparate treatment and/or a hostile work environment on account of her gender, on account of her pregnancy, and/or for engaging in protected activity." Specifically, she alleged that

> Silvia Soriano, PEIMS[1] Clerk, . . . belittled [McKinnon] in front of others, constantly asking others about her doings, what time [she] clocked in and out, went to lunch, to whom she went with [sic], where she should and shouldn't be, and inquired as to when [she] would go pump milk.
>
> Soriano also put her hands on [McKinnon's] son to push him into class and faked anonymous complaints concerning [McKinnon's] son's behavior on the same day. . . . [Soriano] called the district accompanied by truancy officer Karina Rodriguez to get [McKinnon] in trouble over a minor mistake that she had made. [Soriano] also made [McKinnon] stay at work for work that was assigned to [Soriano] even after [McKinnon]'s supervisor had ordered her to work from home, and half a day.

The petition alleged that "[t]he constant discriminatory conduct directed to [McKinnon] caused her to take her maternity leave a month ahead" and that, "[w]hile continuously being subjected to discriminatory animus and a hostile work environment, [McKinnon] made a plethora of complaints to Human Resources, her supervisor, and the Superintendent yet nothing was done." Finally, McKinnon alleged that she was wrongfully discharged in July 2022 and that Jubilee's "alleged reason for [her] termination is false, misleading, inaccurate and/or is pre-textual." She raised claims of discrimination and

---

[1] "The Public Education Information Management System (PEIMS) encompasses all data requested and received by [the Texas Education Agency] about public education, including student demographic and academic performance, personnel, financial, and organizational information." Tex. Educ. Agency, *PEIMS – Overview*, https://tea.texas.gov/reports-and-data/data-submission/peims/peims-overview (last visited Apr. 28, 2025).

retaliation under the Texas Commission on Human Rights Act (TCHRA), requesting actual and exemplary damages and attorney's fees.

Jubilee filed a combined answer, Rule 91a motion to dismiss, and plea to the jurisdiction. It argued, among other things, that the trial court lacked subject matter jurisdiction over the discrimination and retaliation claims because McKinnon failed to exhaust her administrative remedies and therefore did not properly invoke a waiver of Jubilee's governmental immunity under the TCHRA. *See El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 529–30 (Tex. 2020) (providing that an open-enrollment charter school such as Jubilee "act[s] as an arm of the State government"). Jubilee also argued that McKinnon "failed to plead" (1) that she was treated less favorably than similarly situated members of an opposing class, and (2) that she engaged in a protected activity under the statute.

McKinnon filed a response disputing that she failed to exhaust her administrative remedies and asserting that Jubilee "failed to negate any jurisdictional facts" supporting her retaliation claim. She then filed an amended petition setting forth largely the same facts as in the original petition but also including an affidavit in which she averred:

3.      In or around August 2021, I learned that I was pregnant. On September 3[], 2021, I informed my supervisor Lourdes A. De La Fuente of my pregnancy and when I was due to deliver. As a result of the hostile work environment that I was subjected to, I had to take my maternity leave early and [Soriano] would give me a hard time with regard to pumping breast milk at the workplace when I returned.

. . . .

8.      The stated reason for my termination of not being a "good fit" is false, discriminatory, and is a pretextual reason. I could perform my position and merely requested that I be accommodated to pump breast milk for my child. I was illegally terminated. The termination of my position was merely a r[]use designed to mask discriminatory and retaliatory actions by [Jubilee].

9. With regard to gender discrimination, I would show unto the court that I am female, that I am qualified for the job[] of attendance clerk or any job within [Jubilee] consistent with my request for accommodation; and that persons outside my protected class have been treated more favorably.

10. With regard to pregnancy discrimination, I would show unto the court that at the time of my termination, I had recently given birth and was a nursing mother[; that] I am qualified for the job of attendance clerk or any job within [Jubilee] consistent with my request for accommodation; and that persons outside my protected class have been treated more favorably.

11. With regard to retaliation, I opposed the discriminatory practice of gender/pregnancy discrimination when I made a plethora of complaints to Human Resources, my supervisor, and the Superintendent regarding my maternity leave and issues regarding the pumping of my breast milk at work yet nothing was done. [Jubilee], by and through its agents, representatives, and/or employees failed to address my complaints of discrimination and further failed to take remedial action to alleviate the situation. Thereafter on July 28[], 2022, I was terminated.

Jubilee filed a reply to McKinnon's response, and it later filed an amended answer and plea to the jurisdiction making substantially the same arguments as the original plea.[2] McKinnon filed a response to the amended plea, and Jubilee filed a reply. After a hearing, the trial court denied Jubilee's amended plea to the jurisdiction and this interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (stating that an immediate appeal may be taken from an interlocutory order granting or denying a plea to the jurisdiction filed by a governmental unit); *El Paso Educ. Initiative, Inc.*, 602 S.W.3d at 529–30.

---

[2] Jubilee also moved to strike McKinnon's affidavit on various grounds including lack of personal knowledge. The trial court denied the motion to strike, and Jubilee does not contest that ruling on appeal.

4

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

### A.  Plea to the Jurisdiction

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without considering whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.* Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 682 (Tex. 2020).

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id.* (quoting *Blue*, 34 S.W.3d at 555); *see Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022) (explaining that a plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both). This is true even when the jurisdictional issue intertwines with the merits of the case. *Swanson*, 590 S.W.3d at 550.

When jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). We take as true all evidence favorable to the nonmovant, indulge every reasonable inference and resolve any doubts in the nonmovant's favor, and disregard contrary evidence if a reasonable factfinder could. *See id.* at 771; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a factfinder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28. On the other hand, if the evidence is undisputed or fails to raise

5

a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

**B.      Governmental Immunity**

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims unless immunity is clearly and unambiguously waived by the Legislature. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *see* TEX. GOV'T CODE ANN. § 311.034; *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Open-enrollment charter schools such as Jubilee are entitled to immunity in the same respect as public schools. *El Paso Educ. Initiative, Inc.*, 602 S.W.3d at 529–30; *see* TEX. EDUC. CODE ANN. § 12.1056.

**C.      TCHRA**

The TCHRA prohibits, among other things, sex discrimination and retaliation by employers. *See* TEX. LAB. CODE ANN. § 21.051(1) ("An employer commits an unlawful employment practice if because of . . . sex . . . the employer . . . discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment . . . ."); *id.* § 21.055 (providing that an employer commits an unlawful employment practice if it retaliates or discriminates against a person who engages in a protected activity under chapter 21 of the labor code).

"The TCHRA waives immunity, but only when the plaintiff states a claim for conduct that actually violates the statute." *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (citing *Clark*, 544 S.W.3d at 770); *see* TEX. LAB. CODE ANN. § 21.254. Thus, if a plaintiff fails to allege facts establishing a viable claim for violation of the TCHRA, then

6

the trial court lacks jurisdiction and the claim should be dismissed. *Garcia*, 372 S.W.3d at 637.

To establish a claim of sex discrimination under the TCHRA, a plaintiff must show: (1) she is a member of the class protected by the statute (i.e., female); (2) she is qualified for her employment position; (3) she suffered a final, adverse employment action; and (4) she was replaced by someone outside the protected class or otherwise treated less favorably than others who are similarly situated but outside the protected class. *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 322 (5th Cir. 2021);[3] *see Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005); *Tex. Dep't of State Health Servs. v. Resendiz*, 642 S.W.3d 163, 173 (Tex. App.—El Paso 2021, no pet.). Under the TCHRA, sex discrimination includes "discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition." TEX. LAB. CODE ANN. § 21.106(a).

To establish a claim of retaliation under the TCHRA, a plaintiff must plead and prove: "(1) she engaged in an activity protected by the statute, (2) she experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *Clark*, 544 S.W.3d at 782; *see Lara*, 625 S.W.3d at 58. An employee engages in a protected activity if, under the TCHRA, the employee: "(1) opposes a discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." TEX. LAB. CODE ANN. § 21.055; *see Clark*, 544 S.W.3d at 786. "For an employee to establish that she opposed a discriminatory practice, the employee must demonstrate

---

[3] One of the express purposes of the TCHRA is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments." TEX. LAB. CODE ANN. § 21.001(1). Accordingly, that the "analogous federal statute[] and the cases interpreting [it] guide our reading of the TCHRA." *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021).

that she had a good faith, reasonable belief that her employer engaged in a discriminatory practice that was prohibited by the law." *Lucan v. HSS Sys., L.L.C.*, 439 S.W.3d 606, 613 (Tex. App.—Eastland 2014, no pet.) (first citing *Cox & Smith Inc. v. Cook*, 974 S.W.2d 217, 224 (Tex. App.—San Antonio 1998, pet. denied), and then citing *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140–41 (5th Cir. 1981)). The employee is not required to show that an unlawful practice actually existed but, instead, must only show that she held a good faith, reasonable belief that the employer engaged in activity made unlawful by the TCHRA. *Id.* (citing *Cox & Smith*, 974 S.W.2d at 224).

### III. ANALYSIS

As in its plea in the trial court, Jubilee argues by a single issue on appeal that the trial court lacked jurisdiction because McKinnon (1) failed to exhaust administrative remedies, and (2) failed to plead facts establishing all elements of her claims.

The exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit under the TCHRA. *See Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510–11 (Tex. 2012); *see also* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity."). To meet the exhaustion requirement, a person must, among other things, file a charge of discrimination with the Texas Workforce Commission (TWC) or Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged discriminatory employment action. *See* TEX. LAB. CODE ANN. §§ 21.201(a), (g), 21.202(a), 21.256; *Chatha*, 381 S.W.3d at 510–11. A lawsuit under the TCHRA will then be "limited in scope to only those claims that were included in a timely administrative charge and to factually related claims that could reasonably be expected to grow out of the agency's investigation

8

of the claims stated in the charge." *Sw. Convenience Stores, LLC v. Mora*, 560 S.W.3d 392, 401 (Tex. App.—El Paso 2018, no pet.); *see Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006); *Brownsville Indep. Sch. Dist. v. Alex*, 408 S.W.3d 670, 674 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.); *Santi v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 312 S.W.3d 800, 805 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 321 (Tex. App.—Texarkana 2008, pet. denied).

"The crucial element of a charge of discrimination is the factual statement contained" therein. *Preston v. Tex. Dep't of Fam. & Prot. Servs.*, 222 F. App'x 353, 357 (5th Cir. 2007). The charge "must contain an adequate factual basis so that it puts the employer on notice of the existence and nature of the charges." *Bartosh*, 259 S.W.3d at 321. We review a discrimination charge with "'utmost liberality,' bearing in mind that such charges are generally prepared by laypersons untutored in the rules of pleading." *Id.* (quoting *Preston*, 222 F. App'x at 356). However, "we will not construe it to include facts that were initially omitted." *Alex*, 408 S.W.3d at 674.

Jubilee asserts that McKinnon failed to exhaust her administrative remedies because her charge, though timely filed, "makes no mention of gender/pregnancy discrimination, and it does not allege that McKinnon engaged in any protected activity for which she was allegedly retaliated against."

McKinnon's charge, filed with the EEOC on November 19, 2022, stated that the complained-of discrimination occurred between October 1, 2021, and July 28, 2022. It contained a factual background section which stated as follows, in its entirety:

> I was employed by [Jubilee] from in or about July 2019 until I was terminated on or about July 28, 2022. My most recent position was Attendance Clerk in Brownsville, Texas. My direct supervisor was Principal Lourdes de la Fuente. My work performance was satisfactory, and I did not have any

9

disciplinary actions. From in or about August 2021 until my termination, from the onset of my employment I had a co-worker, Sylvia Soriano, PEIMS clerk who treated me poorly. I complained on several occasions about her behaviors towards me. I believed we had resolved our issues after we had a meeting to discuss our issues; however, the issues only escalated. I confronted her about her pushing my son and complained to Human Resources. In retaliation for my complaint, she made unwarranted complaints against my son and about my work performance. The treatment became so bad that it caused me to take early maternity leave. After returning to work, the issues only intensified. I continued to complain about the issues to no avail. I believe that in retaliation for my complaints, I was terminated. I was informed that I was not a "good fit." I believe that this was untrue and was informed that other clerks had been treated poorly by Ms. Soriano. I believe that Ms. Soriano was protected due to her friendship with the principal. For the above stated reasons, I believe that I have been retaliated against for my complaints in violation of Title VII of the Civil Rights Act of 1964, as amended.

We agree with Jubilee that the facts stated in the charge, even reviewed with "utmost liberality," failed to contain an adequate factual basis which would have put Jubilee "on notice of the existence and nature of the charges." *See Bartosh*, 259 S.W.3d at 321.[4] McKinnon's charge stated that Soriano "treated [her] poorly" and "push[ed] her son" but did not indicate, explicitly or implicitly, that Soriano's treatment (or McKinnon's eventual termination) was based on McKinnon's sex or gender or any other protected characteristic. The charge made no reference whatsoever to McKinnon's sex or gender, and it did not suggest or imply that Soriano (or any other Jubilee employee) discriminated against McKinnon on the basis of her sex or gender. Moreover, though the charge noted that McKinnon "t[ook] early maternity leave," it did not suggest or imply that anyone discriminated in any way against McKinnon on the basis of her pregnancy.[5]

---

[4] In her brief, McKinnon argues that "[i]t is undisputed that [McKinnon] complained of discrimination in connection with her maternity leave in that these are specific facts alleging sex/pregnancy discrimination or retaliation in her sworn charge." That is false; in fact, Jubilee strenuously disputes that the charge contained "specific facts alleging sex/pregnancy discrimination or retaliation."

[5] McKinnon contends, without reference to authority, that "[m]aternity leave can only refer to

10

Indeed, as Jubilee notes, the charge appears to contradict McKinnon's sex discrimination claim in that it states (1) the alleged mistreatment began "from the onset of her employment" (i.e., before she became pregnant), (2) Soriano also treated other clerks "poorly," and (3) McKinnon was ultimately permitted to "take early maternity leave." *See, e.g.*, *Ross*, 993 F.3d at 322 (noting that a discrimination plaintiff must prove she was replaced by someone outside the protected class or otherwise treated less favorably than others who are similarly situated but outside the protected class).

The parties cite no cases, and we find none, discussing whether administrative remedies are exhausted when the facts contained in a plaintiff's charge actually *negate* the later-filed suit for judicial enforcement. We believe that, having been presented with this charge, the TWC would have been justified in rejecting McKinnon's complaints out of hand without conducting substantial additional investigation. Accordingly, McKinnon's sex discrimination claim could not "reasonably be expected to grow out of" the TWC's investigation of the charge. *See Mora*, 560 S.W.3d at 401; *see also Pacheco*, 448 F.3d at 789; *Alex*, 408 S.W.3d at 674; *Santi*, 312 S.W.3d at 805; *Bartosh*, 259 S.W.3d at 321. In other words, the charge lacked an adequate factual basis which would put Jubilee on notice of her sex discrimination claim. *See Mora*, 560 S.W.3d at 402 (finding charge, though "mentioning the word 'harassment' generally," failed to put appellant on notice of plaintiff's sexual harassment claim because "it contained no suggestion that the harassment was based on the sexual advances [appellant's employee] made toward her and the insults she received as a result of not yielding to his alleged advances").

---

pregnancy discrimination and [Jubilee] is using semantics to avoid knowledge of [McKinnon]'s pregnancy discrimination complaints." We disagree. The mere mention of "maternity leave" in the charge did not put Jubilee on notice that McKinnon was alleging discrimination on the basis of pregnancy. That is particularly true here because McKinnon acknowledged *she was permitted* to "take early maternity leave."

11

McKinnon's retaliation claim is dependent on her allegation that she complained of sex or pregnancy discrimination. *See* TEX. LAB. CODE ANN. § 21.055 (defining "protected activity"); *Lucan*, 439 S.W.3d at 613 ("Engaging in protected activity requires a complaint of some sort of discrimination that is covered by the TCHRA.") (citing *Spinks v. Trugreen Landcare, L.L.C.*, 322 F.Supp.2d 784, 796 (S.D. Tex. 2004)). Accordingly, the failure of the charge to provide an adequate factual basis for sex discrimination is also fatal to McKinnon's retaliation claim. The charge claimed that McKinnon "complained to Human Resources" about Soriano's behavior and that she "was retaliated against for [her] complaints," but without any indication that the complaints were for discrimination prohibited by the TCHRA, the charge failed to put Jubilee on notice that a TCHRA retaliation claim was at issue. Her retaliation claim is therefore not "factually related" to the claims made in the charge such that it could "reasonably be expected to grow out of" the TWC's investigation of the charge. *See Mora*, 560 S.W.3d at 401; *see also Pacheco*, 448 F.3d at 789; *Alex*, 408 S.W.3d at 674; *Santi*, 312 S.W.3d at 805; *Bartosh*, 259 S.W.3d at 321.

Because McKinnon failed to exhaust administrative remedies as to either of her claims, the trial court erred in denying Jubilee's plea to the jurisdiction. *See Chatha*, 381 S.W.3d at 510–11; *Garcia*, 372 S.W.3d at 637. Jubilee's issue is sustained.[6]

## IV.   CONCLUSION

The trial court's judgment is reversed. We render judgment granting Jubilee's

---

[6] In light of our conclusion, we need not address Jubilee's alternative argument that McKinnon failed to plead facts establishing the elements of her claims. *See* TEX. R. APP. P. 47.1.

amended plea to the jurisdiction and dismissing McKinnon's claims with prejudice.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
1st day of May, 2025.